UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY HENRY,

               Petitioner,                        <u>MEMORANDUM & ORDER</u>

        - against -                              04-CV-4298 (NGG)

JAMES CONWAY, Superintendent, Sing Sing
Correctional Facility,

               Respondent.
------------------------------------------------------------X

GARAUFIS, District Judge.

     *Pro se* petitioner Anthony Henry brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction on the grounds that he was denied due process and a fair trial when (1) the People cross-examined him regarding his pre-trial silence; and (2) the trial court charged the jury that subjective factors should be considered only as to whether the petitioner believed he was in imminent danger, not as to whether that belief was reasonable, and did not explain what subjective factors could be considered. For the reasons set forth below, the petition for a writ of habeas corpus is DENIED.

**I.    BACKGROUND**

     On the evening of December 21, 1998, in the courtyard of the Vanderveer Estates in Brooklyn, the petitioner shot and killed Brian Smith and shot O'Neil Stanbury once in the back, once in the leg, and three times in the head. Stanbury survived the shooting. Following a jury trial, the petitioner was convicted in New York State Supreme Court, Kings County, of Murder in the Second Degree (New York Penal Law § 125.25[2]) and Assault in the First Degree (New

York Penal Law § 120.10[1]). On May 1, 2001, the petitioner was sentenced to consecutive terms of imprisonment of twenty-five years to life on the murder conviction and fifteen years on the assault conviction.

The petitioner appealed the judgment of conviction to the Supreme Court of New York, Appellate Division, Second Department ("Appellate Division"). In his brief, the petitioner argued that he was denied due process and a fair trial when (1) the People cross-examined him regarding his pre-trial silence; and (2) the trial court charged the jury that subjective factors should be considered only as to whether the petitioner believed he was in imminent danger, not as to whether that belief was reasonable, and did not explain what subjective factors could be considered. (Resp. Ex. A.)

On June 30, 2003, the Appellate Division affirmed the petitioner's judgment of conviction. If found that "[c]ontrary to the defendant's contention, by not excepting to the Supreme Court's curative instruction regarding a question he was asked by the prosecution pertaining to his prearrest silence, the defendant failed to preserve for appellate review his claim with respect to the curative instruction. In any event, given the extremely limited context in which the defendant's prearrest silence was raised by the prosecutor, the Supreme Court's curative instruction to the jury and the overwhelming evidence of the defendant's guilt, any error was harmless." People v. Henry, 306 A.D.2d 539 (2d Dep't 2003). The Appellate Division also determined that the petitioner's claim concerning the trial court's jury instruction was unpreserved for appellate review and in any event, was without merit. Id.

The petitioner thereafter sought leave to appeal, which was denied on September 30, 2003. The petitioner timely filed the instant petition for a writ of habeas corpus on October 1,

2004 in which he alleged that his conviction violated his constitutional due process rights based upon the same claims he raised before the Appellate Division.

## II. STANDARD OF REVIEW

A federal court may issue a writ of habeas corpus only if the petitioner's custody is in "violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). See, e.g., Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). Thus, a prisoner seeking the writ must allege that his conviction or sentence in state court violates constitutional or other federal rights.

Habeas review is circumscribed by procedural defaults. In addressing a habeas petition, a federal court must not "review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991). Further, this "doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." Id. Even in a case where the state court addresses the merits of the petitioner's federal claim in an "*alternative* holding," federal habeas review is not permitted if the state court "explicitly invokes a state procedural bar rule as a separate basis for decision." Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) (emphasis in original).

Exceptions exist to the independent and adequate state ground bar if the petitioner can make a showing of cause for the default and resulting prejudice, see Wainwright v. Sykes, 433 U.S. 72, 87 (1977), or can "demonstrat[e] a constitutional violation that resulted in a fundamental miscarriage of justice, *i.e.*, that he is actually innocent of the crime for which he has been

convicted." Dunham v. Travis, 313 F.3d 724, 729 (2d Cir. 2002). "To be credible such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup v. Delo, 513 U.S. 298, 324 (1995).

If the petitioner complies with these preliminary requirements, a federal court may address the merits of the constitutional claim. Under 28 U.S.C. § 2254(d), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In clarifying these provisions, the Second Circuit has explained that an "adjudication on the merits" means one "based on the substance of the claim advanced, rather than on a procedural, or other, ground." Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir. 2001). The Supreme Court has explained that the "contrary to" standard means that a district court "should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000). The Court went on to elaborate that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

4

**III.     DISCUSSION**

In evaluating the petitioner's claim that he was denied due process as a result of cross-examination concerning his pre-arrest silence, the Appellate Division found that the petitioner failed to preserve this claim for appellate review because he did not object to the trial court's curative instruction.  People v. Henry, 306 A.D.2d 539 (2d Dep't 2003).  The Appellate Division similarly found that the petitioner's objection to the trial court's jury instruction on justification was unpreserved because the petitioner did not object to the charge as given or request a supplemental charge.  Id.   The failure to make a contemporaneous objection at trial constitutes an adequate and independent default under New York Criminal Procedure Law Section 470.05[2].  See Fernandez v. Leonardo, 931 F.2d 214, 216 (2d Cir. 1991).  Because the petitioner's claims were rejected by the Appellate Division on an independent and adequate state-law ground, they are procedurally barred from review by this court.  Coleman, 510 U.S. at 729; Harris, 489 U.S. at 264 n.10 (claim procedurally barred where the state court addresses the merits in an alternative holding).

The petitioner has not asserted, let alone demonstrated, that this court's failure to consider these claims would result in a fundamental miscarriage of justice due to the petitioner's actual innocence, or that there was cause for the procedural default and that actual prejudice to the petitioner resulted.  Absent this demonstration, the petitioner may not have his claims heard in this court.  See Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993).

In addition to being procedurally barred, both of the petitioner's claims fail on the merits. With regard to the petitioner's cross-examination claim, the Appellate Division found that "given the extremely limited context in which the defendant's prearrest silence was raised by the

5

prosecutor, the Supreme Court's curative instruction to the jury and the overwhelming evidence of the defendant's guilt, any error was harmless." 306 A.D.2d 539. Although the court cited to state law in support of its holding, its analysis comports with relevant federal law. Stellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001). For instance, in Greer v. Miller, the Supreme Court indicated that in evaluating whether a prosecutor's question represented a potential due process violation, the question must be taken in "context." 483 U.S. 756, 766 (1987). Specifically, the Court found that a single question followed by an immediate objection and then two curative instructions "clearly indicate[d]" that the defendant's due process rights were not violated. Id. Similarly, this case involved the single question, "Well, incidentally, when did you go to the police to tell them what happened to you?" (Ex. G, Transcript ("Tr.") at 497.) An objection to this question was immediately sustained. The trial court, at side-bar, noted that it believed the error to be harmless since "it was obvious the defendant was not going to go to the police, even if he was justified in the shooting, given the fact that he was a wanted man from North Carolina and Trinidad." (Id. at 502.) Nonetheless, the trial court provided a curative instruction, in which the jury was instructed as follows:

> Now, when he testified he was asked about whether he contacted the police after the shooting. I sustained an objection to that question because it's irrelevant whether he contacted the police afterwards. No one is under any obligation to contact the police after a crime has occurred.

(Id. at 567.) Accordingly, because the petitioner's claim involved only a single question followed by an objection and curative instruction, the petitioner's due process rights were not violated.

The petitioner's claim that the trial court's justification charge denied him due process is similarly without merit. For the purposes of habeas review of a jury charge, the only question for a reviewing federal court is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Estelle v. McQuire, 502 U.S. 62, 71-72 (1991) (citations omitted). As properly determined by the Appellate Division, the trial court's jury instructions comport with state-law requirements. As any alleged errors in the jury charge were not "so serious as to deprive defendant of a federal constitutional right," United States ex rel. Smith v. Montanye, 505 F.2d 1355, 1359 (2d Cir. 1974), in addition to being procedurally barred, the petitioner's claim must also be denied on the merits.

## IV. CONCLUSION

For the foregoing reasons, the petitioner's application for a writ of habeas corpus is DENIED. As the petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. See 28 U.S.C. § 2253(c)(2); Lucidore v. N.Y.S. Div. of Parole, 209 F.3d 107, 111-13 (2d Cir. 2000). Pursuant to 28 U.S.C. § 1915(a)(3), the court also certifies that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

The Clerk of Court is directed to enter judgment for the respondent and to close this case.

SO ORDERED.

Dated: August 3, 2005　　　　　　　　　　　　　　/s/ Nicholas G. Garaufis
　　　　Brooklyn, New York　　　　　　　　　　　NICHOLAS G. GARAUFIS
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge